IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSKP OAK GROVE, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>CAROL VENUTO, et al.,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 10-6465 (JBS-JS)<br><br>**OPINION** |

APPEARANCES:

Robert A. Vort, Esq.
Suite 201
2 University Plaza
Hackensack, NJ 07601
    Attorney for Plaintiff

Dimitri Luke Karapelou, Esq.
1600 Market Street
25th Floor
Philadelphia, PA 19103
    Attorney for Defendants

**SIMANDLE**, District Judge:

I.   **INTRODUCTION**

    This matter comes before the Court on Defendants' motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) and for failure to join a necessary party under Rule 12(b)(7) and on Defendants' motion for more definite statement, pursuant to Rule 12(e).  [Docket Item

5.]  Plaintiff, MSKP Oak Grove, LLC, filed a Complaint seeking recovery through three theories under New Jersey state law: fraudulent conveyance, improper distribution of corporate assets, and unjust enrichment.  [Docket Item 1.]  Each of these theories is based on Plaintiff's allegation that a New Jersey Corporation, Hollywood Tanning Systems, Inc., fraudulently and improperly distributed assets to its shareholders, Ralph A. Venuto, Sr., now deceased, and Defendants Carol Venuto, Ralph A. Venuto, Jr., Carol Rebbecchi, and Richard P. Venuto.  Consequently, Plaintiff alleges Hollywood failed to make payment on a previous judgment entered in Plaintiff's favor against Hollywood in the amount of $411,573.45.

 Defendants now move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted, arguing that the Complaint fails to meet federal pleading standards under both Rule 8(a) and Rule 9(b).  Defendants also move for dismissal under Rule 12(b)(7) for failure to join a necessary party, alleging that Plaintiff's failure to name Hollywood Tanning Systems, the transferor of the assets in question, as a defendant in the Complaint is a material deficiency.  Additionally, the parties submitted supplemental briefing on a recently-decided case involving many of the same Defendants as the instant action, AMC v.

2

HTS, et al., No. L-5169-10 (N.J. Sup.Ct. L. Div. June 10, 2011).  [Docket Items 9 & 10].

For the reasons set forth below, the Court will grant Defendants' motion to dismiss without prejudice for failure to state a claim.  Because Defendants' motion to dismiss the Complaint is granted on Fed. R. Civ. P. 12(b)(6) grounds, the Court need not address Defendants' motion to dismiss under Rule 12(b)(7) or for a more definite statement pursuant to Rule 12(e).

**II.   BACKGROUND**

Factual material in the pleadings is limited; however, Plaintiff's factual allegations are as follows:

Plaintiff, MSKP Oak Grove, LLC, is a limited liability company incorporated in Delaware.  Compl. ¶1.  Defendants are the shareholders of Hollywood Tanning Systems, Inc., a New Jersey corporation.  Id. at ¶11.

On May 19, 2009, a judgment unrelated to claims alleged in the present case was entered against Hollywood Tanning Systems, a non-party in the present case, and in favor of MSKP Oak Grove, LLC in the amount of $411,573.45.  Id. at ¶6.  On or about July 30, 2009, the Clerk of the Superior Court of New Jersey recorded this judgment.  Id. at ¶7.  As of yet, no portion of that judgment has been paid.  Id. at ¶8.

At some time unspecified in the Complaint, Hollywood Tanning Systems distributed its assets to its shareholders, named as Defendants Carol F. Venuto, individually and as executor of the Estate of Ralph A. Venuto Sr., deceased, Ralph A. Venuto Jr., Carol Rebbecchi, and Richard P. Venuto.  Id. at ¶¶11-12.  Plaintiff alleges that this distribution of Hollywood Tanning Systems' assets to its shareholders constituted fraudulent conveyance and was "fraudulent within the meaning of N.J.S.A. 25:2-25 and N.J.S.A. 25:2-27."  Id. at ¶12.  The cited sections of the N.J. Stat. Ann. are subsections of the New Jersey Uniform Fraudulent Transfer Act.  In addition, Plaintiff claims this distribution of assets to shareholders "without paying or providing for the claim of plaintiff" constituted improper distribution of corporate assets in violation of N.J. Stat. Ann. § 14A:14-21(1).  Id. at ¶¶13-14.  Finally, Plaintiff alleges that "Defendants will be unjustly enriched if they are permitted to retain the assets of Hollywood Tanning Systems, Inc. which should have been but were not set aside for creditors of Hollywood Tanning Systems, Inc."  Id. at ¶16.

### III. DISCUSSION

#### A. Standard of Review

Pursuant to Rule 8(a)(2), a complaint need only

4

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Ericson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). However, while a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The Supreme Court has identified two working principles underlying the failure to state a claim standard: first, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949-50 (2009). Indeed, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id. at 1949.

Second, a complaint must state a plausible claim for relief in order to survive a motion to dismiss; where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is

5

entitled to relief." Id. at 1950.  To prevent a dismissal, therefore, civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible.  This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.

After Iqbal and Twombly, the Third Circuit now requires that a district court presented with a motion to dismiss conduct a two-part analysis set forth in Iqbal: first, the factual and legal elements of a claim should be separated.  The district court must accept all the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Iqbal, 129 S. Ct. at 1949-50. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id.

In addition, Rule 9(b) imposes heightened pleading standards for a complaint alleging fraud, requiring a party to "state with particularity the circumstances constituting fraud or mistake."  This requirement is intended "to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against

6

spurious charges of immoral and fraudulent behavior." <u>Seville Indus. Mach. Ciro. V. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984). Notably, the Third Circuit has stated that "[a]though Rule 9(b) falls short of requiring every material detail of the fraud such as date, location, and time, plaintiffs must use 'alternative means of injecting precision and some measure of substantiation into their allegations of fraud.'" <u>In re Rockefeller Center Properties, Inc. Securities Litigation</u>, 311 F.3d 198, 216 (3d Cir. 2002) (citations omitted).

In spite of Rule 9(b)'s heightened requirements, however, courts should be conscious of the fact that application of these more stringent pleading standards may allow "sophisticated defrauders" to "successfully conceal the details of their fraud." <u>In re Burlington Coat Factory Securities Litigation</u>, 114 F.3d 1410, 1418 (3d Cir. 1997). In situations where the required factual material "is peculiarly within the defendant's knowledge or control, the rigid requirements of Rule 9(b) may be relaxed." <u>Id.</u> However, "boilerplate and conclusory allegations will not suffice" and "[p]laintiffs must accompany their legal theory with factual allegations that make their theoretically viable claim plausible." <u>Id.</u>

**B. Defendants' Rule 12(b)(6) Motion to Dismiss**

Defendants have moved to dismiss pursuant to Rule

7

12(b)(6) for failure to state a claim on the grounds that the Complaint contains insufficient factual allegations to meet the requisite pleading standards under Rule 8(a) as well as the heightened pleading requirements for allegations of fraud under Rule 9(b).  <u>See</u> Defs.' Mot. at 1.

 Plaintiff responds that the heightened pleading requirements under Rule 9(b) should not apply and that, instead, the Complaint's sufficiency should be evaluated under Rule 8(a)'s more general pleading standards. Plaintiff argues that although the Complaint alleges violations of the New Jersey Uniform Fraudulent Conveyances Act, the Complaint does not technically plead fraud.  <u>See</u> Pl.'s Reply Br. at 3-4.  Further, Plaintiff asserts that even if the pleadings fall within the scope of Rule 9(b), "some relaxation of the pleading requirement is appropriate because the facts so pleaded are within the defendant's hands or control."  <u>Id.</u> at 4-5.  Plaintiff defends the sufficiency of the pleadings under the Rule 8(a) pleading standards for all three claims.

 The Court need not consider the applicability of Rule 9(b) pleading standards here because even taking at face value Plaintiff's assertion that the heightened pleading requirements should not apply, the Complaint still presents insufficient factual material to meet the less stringent

pleading standards outlined in Rule 8(a).

While Plaintiff is not required, under the general pleading standards, to plead detailed factual allegations, the Complaint must provide a factual basis for the claims presented and not merely assert threadbare legal conclusions.

In the present case, the Complaint lacks sufficient allegations to state a claim under any of the theories claimed.  The only relevant factual allegations made by Plaintiff in the Complaint are that a judgment in the amount of $411,573.45 was entered in favor of Plaintiff and against Hollywood Tanning Systems, Inc., that no portion of the judgment was paid, and that, at some point not specified, Hollywood Tanning Systems distributed its assets to its shareholders, the named Defendants in this case. The Complaint fails to allege anything about the circumstances surrounding the distribution of assets to the Defendants, such as the intent of this distribution of assets.  The Complaint is also silent regarding the financial condition of Hollywood Tanning Systems except to say that Hollywood "distributed its assets" to Defendants. Additionally, Plaintiff has not even alleged the approximate timeline of events in the Complaint, making it unclear whether the alleged distribution of assets to shareholders took place before or after the judgment was

entered in Plaintiff's favor.

Merely alleging that the distribution of a corporation's assets to shareholders is fraudulent, improper, or constitutes unjust enrichment is not enough unless accompanied by a plausible factual basis.  With respect to the fraudulent conveyance claim, for example, the Complaint alleges, with scant detail, violations of N.J. Stat. Ann. § 25:2-25 and N.J. Stat. Ann. § 25:2-27.[1] N.J. Stat. Ann. § 25:2-25, which governs fraudulent transfers with respect to present and future creditors, states that a transfer made by a debtor is fraudulent as to a creditor where the transfer is made:

> a.  With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> b.  Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
>> 1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>>
>> 2. Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they become due.

N.J. Stat. Ann. § 25:2-25; see also United Jersey Bank v.

---

[1] Notably, while alleging violations of each of these sections of the statute, the Complaint fails to differentiate between these two sections or to allege the elements of the categories of fraudulent transfer outlined in one or both.

10

Vajda, 299 N.J.Super 161, 163, 690 A.2d 693, 694 (App. Div. 1997); Gilchinsky v. National Westminster Bank N.J., 159 N.J. 463, 475, 732 A.2d 482, 488 (1999).

In addition, to bring a claim under N.J. Stat. Ann. § 25:2-27, a plaintiff must allege that "a transfer is fraudulent as to present creditors where the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer and the debtor was insolvent at the time or became insolvent as a result of the transfer," or the transfer was made to an "insider to repay an antecedent debt and the debtor is insolvent at the time or the insider had reasonable cause to believe that the debtor is insolvent."  United Jersey Bank v. Vajda, 299 N.J.Super at 163.

In the present case, the Complaint does not allege facts sufficient to state a claim arising under either statutory provision.  Plaintiff pleads no factual material suggestive of Defendants' intent to hinder, delay, or defraud, and provides such scant factual detail that the Court cannot draw any conclusions as to whether a reasonably equivalent value was exchanged for the transfer or whether Hollywood Tanning Systems was insolvent at the time of the distribution of assets or became insolvent as a result of the transfer.

With respect to the improper distribution of corporate

11

assets claim, Plaintiff alleges that the transfer of assets to Defendants constituted a violation of N.J. Stat. Ann. § 14A:14-21(1).  This statutory provision establishes priorities in the distribution of assets for insolvent corporations.  <u>See</u>, <u>e.g.</u>, <u>Bay Point Yacht Harbour, Inc. by Gerbig v. Jersey Cent. Power & Light Co.</u>, 251 N.J.Super 453, 455, 598 A.2d 916, 917 (App. Div. 1991).  However, because the Complaint provides no factual material pertaining to the financial condition of Hollywood Tanning Systems prior to or at the time of the distribution of assets, it is not clear that this statutory provision governing distribution of assets for insolvent corporations even applies.  Notably, Plaintiff does argue in its brief filed in opposition to Defendants' motion that "the complaint pleads that shareholders of a corporation distributed its assets to themselves and thereby left the corporate shell with cash inadequate to satisfy the claims of corporate creditors."  Pl.'s Reply Br. at 5.  However, this is a mischaracterization of the allegations made in the Complaint, and these more detailed allegations do not, in fact, appear on the face of the pleadings.  Plaintiff's counsel is cautioned to be more careful in arguments to the Court.

Finally, with regard to Plaintiff's third allegation, to bring a claim based on the quasi-contractual doctrine of

unjust enrichment, a plaintiff is required to "show that it expected remuneration from the defendant at the time it performed or conferred a benefit on defendant and that the failure of remuneration enriched defendant beyond its contractual rights." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 554, 641 A.2d 519, 526 (1994). In the present case, the Complaint fails to provide factual material regarding the nature of the benefit conferred and the source of the alleged contractual relationship between Plaintiff and Defendants.

Consequently, Plaintiff's legal conclusions must be disregarded, and, because the pleadings present insufficient factual material on all three claims, the Complaint cannot survive Defendants' motion to dismiss for failure to state a claim.

## IV.  CONCLUSION

For the reasons detailed above, the Court will grant Defendants' motion to dismiss without prejudice.

The Court will not, at this time, address Defendants' assertion that Plaintiff's claim should be precluded under the doctrine of collateral estoppel because a similar fraudulent transfer complaint against Defendants pending in the Superior Court of New Jersey was recently dismissed. See Defs.' Supplemental Br.  On the basis of the record

before this Court, the Court cannot now find as fact whether Plaintiff was sufficiently in privity with the Superior Court plaintiff such that the action under consideration here should be precluded on the basis of collateral estoppel.  Thus, this argument shall not be addressed at this time.

In addition, because Defendants' motion to dismiss for failure to state a claim is granted and the allegations contained within the Complaint are so ambiguous, the Court will not, at this time, address Defendants' motions pursuant to Rule 12(b)(7) or Rule 12(e).

The accompanying Order will be entered.


**August 8, 2011**                                **s/ Jerome B. Simandle**
Date                                              Jerome B. Simandle
                                                  U.S. District Judge