IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSKP OAK GROVE, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROL VENUTO, individually and as executrix of the Estate of RALPH A. VENUTO, Sr., et al.,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 10-6465 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

    This case comes before the Court on Defendants' motion for judgment on the pleadings on Count IV of the Second Amended Complaint [Docket Item 240] and Plaintiff's cross-motion for sanctions. [Docket Item 242.] Count IV alleges a claim under the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. 25:2-27(b), which Defendants allege is untimely under the one-year limitation of N.J.S.A. 25:2-31. For the reasons that follow, the Court will grant Defendants' motion and deny Plaintiff's cross-motion. The Court finds as follows:

    1.   **Background.** For the purposes of the instant motion, it suffices to recount the following. In this action, Plaintiff MSKP Oak Grove, LLC ("MSKP") asserts claims under the New Jersey Uniform Fraudulent Transfer Act, N.J.S.A. § 25:2-20 et seq. ("NJUFTA"), arising from an allegedly fraudulent transfer of

assets through which Defendants intended to avoid payment to certain creditors, including Plaintiff. Plaintiff is a commercial landlord to which Hollywood Tanning Systems, Inc. ("HTS") is indebted by a 2009 judgment in the amount of $411,573.45. Plaintiff alleges that following an asset purchase agreement with another corporation, Tan Holdings, LLC, in 2007, HTS fraudulently distributed $23 million to its shareholders, Defendants Carol and Ralph A. Venuto, Sr.,[1] Ralph A. Venuto, Jr., Carol Rebbecchi, and Richard P. Venuto ("the Shareholders") on June 22, 2007, and rendered HTS without sufficient assets to satisfy future obligations to creditors, including HTS's obligation to Plaintiff relating to a defaulted lease agreement. After seven years and voluminous motion practice, this case is scheduled for trial on May 15, 2017.

2. **Standard of Review.** A defendant may move to dismiss a complaint before or after filing an answer. Fed. R. Civ. P. 12(b)(6) and (c); see also Borough of Sayreville v. Union Carbide Corp., 923 F. Supp. 671, 675 (D.N.J. 1996). A motion made before an answer is filed is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion made after an answer is filed is a motion for judgment on the pleadings pursuant to Fed.

---

[1] Because Ralph A. Venuto, Sr. died prior to the initiation of this action, Plaintiff names his estate as a defendant, represented by Defendant Carol Venuto as executrix.

R. Civ. P. 12(c). See Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)."). The differences between Rules 12(b)(6) and 12(c) are purely procedural, and the pleading standards of Rule 12(b)(6) are applied for both. Turbe v. Gov't of the Virgin Islands, 938 F.2d 427. 428 (3d Cir. 1991).

3. **Discussion.** Defendants seek to dismiss Count IV of the Second Amended Complaint, a claim for relief under N.J.S.A. 25:2-27(b), on the grounds that it is untimely under the one-year period established by N.J.S.A. 25:2-31 for such claims. Plaintiff opposes this motion on the grounds that Defendants waived this defense by not raising it before Judge Schneider in connection with the motion to amend or before the deadline for dispositive motions, and that this Court's September 5, 2014 Opinion and Order [Docket Items 75 & 65] on Defendants' first motion for judgment on the pleadings constitutes law of the case barring this defense.

4. Whether or not Defendants should have raised this defense earlier in the case, the NJUFTA's one-year limitation period for 25:2-27(b) claims plainly precludes Plaintiff litigating this claim for a transaction from 2007, even if, as the undersigned previously found, the NJUFTA statute of repose permits the relation back of amendments and the Second Amended

3

Complaint relates back to the original Complaint. (See MSKP Oak Grove, LLC v. Venuto, Case. No. 10-6465, 2014 WL 4385979 (D.N.J. Sept. 5, 2014) [Docket Item 75] and MSKP Oak Grove, LLC v. Venuto, Case. No. 10-6465, 2016 WL 3566720 (D.N.J. June 29, 2015) [Docket Item 215].) By the plain language of the NJUFTA, a "cause of action" under 25:2-27(b) is "extinguished" unless it is brought "within one year after the transfer was made or the obligation incurred." N.J.S.A. 25:2-31(c). All parties agree, and it is otherwise well-established, that this statute creates a statute of repose, not an ordinary statute of limitations. "Unlike statutes of limitations, statutes of repose are self-executing." Del Mastro v. Grimado, 2013 WL 4746486, at *8 (N.J. App. Div. Sept. 5, 2013) (citing Notte v. Merchants Mut. Ins. Co., 888 A.2d 464 (N.J. 2006)). In other words, according to the New Jersey Supreme Court, whereas a statute of limitations defense must be timely raised as an affirmative defense or it is waived, a statute of repose, which created substantive rights, need not be. Rosenberg v. Town of North Bergen, 293 A.2d 662, 667 (N.J. 1972).

5. It is undisputed that the allegedly fraudulent transfer occurred on June 22, 2007; thus, Plaintiff's action under 25:2-27(b) would need to have been brought, or relate back to an action brought, no later than June 22, 2008. Plaintiff's

original Complaint, filed December 13, 2010, came too late.[2] Any liability for harm arising from the June 22, 2007 transaction that could have been remedied by N.J.S.A. 25:2-27(b) was extinguished by the NJUFTA's statute of repose on June 22, 2008, whether or not Defendants raised that defense in a pleading or dismissal motion. Defendants' motion for judgment on the pleadings will be granted, and Plaintiff will not be permitted to pursue at trial its cause of action under N.J.S.A. 25:2-27(b).[3]

    6.    The accompanying Order will be entered.

**April 17, 2017**                                 **s/ Jerome B. Simandle**
Date                                               JEROME B. SIMANDLE
                                                           Chief U.S. District Judge

---

[2] Of course, this ruling does not affect the timeliness of Plaintiff's NJUFTA claims under N.J.S.A. 25:2-25(a), 25:2-25(b)(1), and 25:2-27(a), which are all subject to a four-year limitation period under 25:2-31(a)-(b).

[3] Plaintiff's cross-motion for sanctions will be denied because Defendants' motion for judgment on the pleadings is not frivolous. Even if this Court had determined that Count IV may proceed despite the one-year limitation period, Defendants filed their motion only after seeking permission at the February 24, 2017 Pretrial Conference. They could not have been "unreasonably and vexatiously" extending proceedings in this case, 28 U.S.C. § 1927, where they were permitted to file a motion that might <u>streamline</u>, not delay or complicate, trial proceedings.